

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-10004 |
| Plaintiff, | |
| -vs- | ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL |
| MARCOS DAVILA, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Defendant was convicted of two counts of abusive sexual contact on July 18, 2012. He has moved for a judgment of acquittal, renewing the motions he made at trial.

Fed. R. Crim. P. 29(a) provides, in part, that "[t]he court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal . . . if the evidence is insufficient to sustain a conviction . . . ." The Eighth Circuit's standard of review for claims of insufficient evidence "is very strict, and the verdict of a jury should not be overturned lightly." United States v. Burks, 934 F.2d 148, 151 (8th Cir. 1991). *Accord*, United States v. Johnson, 639 F.3d 433, 437-38 (8th Cir. 2011). "When a district court considers a motion for acquittal, it does so with 'very limited latitude.'" United States v. Hernandez, 301 F.3d 886, 889 (8th Cir. 2002) (quoting United States v. Thompson, 285 F.3d 731, 733 (8th Cir.2002) (citations and internal quotations omitted)). The Court is required "to view the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. Thomson, 285 F.3d 731, 733 (8th Cir. 2002). *Accord*, United States v. Coleman, 584 F.3d 1121, 1125 (8th Cir. 2009). "[T]he evidence need not exclude every reasonable hypothesis except guilt." United States v. Ellefson, 419 F.3d 859, 863 (8th Cir. 2005). A motion for judgment of acquittal should be granted only where the evidence is such that a reasonable fact-finder must

have entertained a reasonable doubt about the government's proof of one of the essential elements of the offense. See United States v. Gordon, 974 F.2d 97, 100 (8th Cir. 1992).

**Count I.**

Defendant contends that he is entitled to a judgment of acquittal as to the charge of abusive sexual contact as set forth in Count I of the indictment because the evidence was insufficient to find that he actually had sexual contact with the alleged victim and that he had the requisite intent. The elements of abusive sexual contact as to Count I are:

1. On or about between July 1, 2011 and July 11, 2011, the defendant did knowingly and intentionally engage in or attempt to engage in sexual contact with TO, namely, the intentional touching, either directly or through the clothing, of the genitalia, groin, or inner thigh of TO with an intent to abuse, humiliate, harass, or degrade TO or to arouse or gratify Marcos Davila's sexual desire.

2. At the time of the alleged offense, TO had not attained the age of 12 years.

3. TO is an Indian, and

4. The alleged offense occurred in Indian Country.

United States v. DeCoteau, 630 F.3d 1091, 1094 n. 3 (8th Cir. 2011).

Defendant argues that there was insufficient evidence that he touched the genitalia, groin, or inner thigh of the alleged victim. The victim testified that, during the time frame alleged, she was sleeping on the couch when she woke up to find the defendant's hand on her inner thigh. He was rubbing her skin with his hand in a circular motion. She had previously circled on an anatomically correct drawing the outer thigh as the place where the defendant touched her. "Even in the face of inconsistent evidence, a victim's testimony alone can be sufficient to support a guilty verdict." United States v. Kenyon, 397 F.3d 1071, 1076 (8th Cir. 2005).

Defendant also contends there was insufficient evidence that he possessed the requisite state of mind. The absence of evidence of intent "is no defect in the government's case where the contact alleged is so clearly sexual that the jury may infer the defendant's intent." United States v. Hollow Horn, 523 F.3d 882, 891 (8th Cir. 2008) (*citing* United States v. Lee, 232 F.3d

2

653, 655 (8th Cir. 2000) (holding that victim's testimony that defendant touched and rubbed her genital area at night while he believed she was asleep, viewed in the light most favorable to the verdict, and in the absence of any suggestion that the touching occurred for a non-sexual purpose, such as the administering of medication, sufficiently implied defendant's intent) and United States v. Demarrias, 876 F.2d 674, 676 (8th Cir. 1989) ("[Abusive sexual contact] encompasses some types of contact which by their nature are sexual acts, and therefore require no showing of intent.")).

There was sufficient evidence adduced at trial to support each element of the crime charged in Count I of the indictment.

**Count II.**

Defendant contends that he is entitled to a judgment of acquittal as to the charge of abusive sexual contact as set forth in Count II of the indictment because the evidence was insufficient to find that he committed the crime in the time frame alleged. Specifically, defendant contends that the victim in Count II alleged he touched her in either February or March 2003 and the evidence showed that he was not in South Dakota during that time period.

SM testified that the defendant touched her in the winter of 2003 when she was 13 years old and in the eighth grade. Other evidence corroborated that she was 13 years old and in the eighth grade during the time period alleged.

> The law is clear that the use of "on or about" in an indictment relieves the government of proving that the crime charged occurred on a specific date, so long as it occurred within a reasonable time of the date specified.

United States v. Kenyon, 397 F.3d at 1078.

While defendant on cross examination tried to elicit testimony from SM that the alleged abuse happened during February or March of 2003, the earlier testimony on direct examination was sufficient to establish that the abuse occurred during the time frame alleged in the indictment.

There was sufficient evidence adduced at trial to support each element of the crime charged in Count II of the indictment.

3

# ORDER

Based upon the foregoing,

IT IS ORDERED that the motion, Doc. 93, for a judgment of acquittal is denied.

Dated this 4th day of October, 2012.

BY THE COURT:

/s/ Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Barbara J. Woepke
　　　　　　　　　DEPUTY
(SEAL)